The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning. Please be seated. Thank you all very much. The panel is now ready to hear argument in the case of Chesser v. Chesser. Good morning and may it please the Court. Jason LaFond on behalf of Appellant Zachary Chesser. There are two orders before the Court today. The first, the District Court's order dismissing Chesser's complaint as frivolous. Second, the District Court's order denying Chesser's motion for consideration, which determined essentially that Chesser's proposed amended complaint failed to state the claim. Both of these orders are the products of the District Court's abuse of discretion and should be reversed. The government, appearing on behalf of the defendants that remain in this case, does not defend the District Court's first order at all. And the government does not defend the reasoning in the District Court's second order. This by itself would justify remand in this case. Well, didn't your client try to represent and one of his complaints represent people he cannot represent? And don't you concede that? I said, don't you concede that? I thought you did in your brief. We concede that there were named plaintiffs that did not sign the complaint. No, I think you concede that he was unable to represent them. That is correct. So is it error for a court to dismiss that? It would be an error for the court to dismiss the complaint as frivolous based on the presence of plaintiffs who have not signed the complaint. Would it be an error to dismiss a complaint wherein a person purports to represent someone else he cannot represent? That wouldn't be error, would it? It would be error to dismiss that complaint with prejudice, Your Honor. This court in McLean held that... So you don't think it was error to dismiss that complaint? You just think you should have had a right to correct it? Yes, Your Honor. Do we need to deal with the first order if we determine that the second order defined the motion to reconsider to the extent it dealt with the merits of the case as a whole? If that was done correctly, do we deal with the first order? Yes, Your Honor. I think you do. I think that a motion for reconsideration is reviewed under a different light and different factors than the original order. If you have a motion to dismiss that's granted and the complaint, in fact, states a claim and the court later denies motion for reconsideration for whatever reason, even if the court was correct to deny a motion for reconsideration, it does not affect the fact that the complaint still states a claim. What happens if the trial court determined on the motion for reconsideration that the complaint, even as amended, fails to state a claim?  I think that if you determined that the district court was correct in his second order, that Chesser failed to state a claim in his amended complaint, you would necessarily conclude that he also failed to state a claim in his first complaint, and it's possible to, I would assume, affirm on that ground. Now, to be clear, I think that the district court was wrong in his second order as well. The district court misapplied the mootness doctrine and the district court conflated Chesser's rights under the Fourth Amendment and the Fifth Amendment. Why don't you tell us the things you think the district court did wrong? As to the first order, the district court held that Chesser's complaint was frivolous. The district court did not say whether it was factually frivolous or legally frivolous, but it is neither. The complaint, although it may be long and may be better organized on a second go-round,  Well, would you agree that Bivens' action can't lie against the agency's reason of sovereign immunity? Yes. And that a Privacy Act claim could not lie against the individuals because there's no provision under the statute for individuals? Yes, but I think it's important to keep in mind that under the text of the PLRA, which instructs the district court to identify cognizable claims, and under the Supreme Court's opinion in Jones, which says that the PLRA analysis proceeds on a claim-by-claim basis, that the fact that there are claims that are not meritorious in Chesser's complaint cannot justify the dismissal of meritorious claims. Okay, so why don't you get on to the ones you think are meritorious and tell us why you think the district court erred? Sure. The district court erred in the first order not even identifying Chesser's privacy claims, did not identify his claims under the Constitution and the Privacy Act. In the second order, the court erred by concluding that Chesser's autonomy claim is moot because he later lost an interest in the care and custody of his son when there is no dispute that at the time that the individual defendants interfered with that interest, he did have it, and he seeks monetary damages for that. Those claims are just not moot. The second part, the district court held that Chesser has no expectation of privacy because he is a prisoner, and while that may be true, it simply does not have relevance to the question as to whether the government can then disclose information to the public that it has acquired about Chesser. And those are the two errors of the district court in its denial of motion for reconsideration. I have a question. The district court did not consider the Privacy Act claims, did it? No, no, it did not. And so remand is already the government has conceded that remand is already necessary in this case for the Privacy Act claims. As to the agencies. That's correct. That's correct. So this case is going back down. While this court need not consider the government's alternative arguments in the first instance here. Let me ask, Judge Hamilton, did you have a follow-up? I can't quite tell what the sound is. Do you have another question you wanted to ask there? Well, I was just going to remark that the Privacy Act, those claims can only be asserted against agencies, not against individual defendants. That is correct. They could be asserted against the FBI and the Secret Service, et cetera, but not against any individual defendants. That is correct, Judge Hamilton. But you're not arguing that that was error? No, no. But to be clear, the district court didn't consider the claims. He did not hold that they could not be asserted against individuals or agencies, simply didn't. So there should be a remand only as to the agencies? I think that. That would be a yes or a no. Yes. The Privacy Act claims. Remand only as to the agencies. That is correct. The constitutional claims go to the individuals here. And while this Court need not consider in the first instance the arguments made by the government, if it does, it should reject those arguments. In the first instance, the government proceeds on a false premise that Chester seeks a new Bivens claim here. In fact, Bivens itself, like this case, involved law enforcement officers violating the constitutional rights of a person who was the subject of an investigation by them. The Supreme Court's been pretty stingy extending Bivens' causes of action for the last 20-some years.  As this Court said in Dunbar v. Lindsay, which is a 1990 case, it recognized that the Supreme Court had shifted gears on this but found support in the fact this was a due process claim in which it allowed a Bivens claim to go forward, found support in the fact that in Davis the Court had already recognized a Bivens claim under the due process clause of the Fifth Amendment. Now, so there are actually two answers to that. First, we're not asking you to extend Bivens. We're asking you simply to apply Bivens to a fact scenario that is very similar to Bivens. And lest there be any concern that this case involved substantive due process as opposed to search and seizure, the Supreme Court in Davis recognized a Bivens claim for a substantive due process violation. But even if this were an extension of Bivens, although on shaky ground or not, as the Seventh Circuit recently explained in Engel, Bivens is still good law and courts are not free to ignore it. And in the case in Wilkie in 2007 and the case in Minechi in 2012, the court reaffirmed the holding of Bivens and set forth two questions that courts asked before they extend Bivens. First, is there an alternative adequate remedy? Let me ask this question of you. Isn't one reason that the court dismissed the complaint is because, I ask again, your client tried to represent people he cannot represent. Is that correct? I think that that is a reason why the court on its motion for reconsideration said that Chesser's wife cannot proceed. Right. So you agree with Bivens. So you think that was a valid basis to deny, a valid basis to deny the motion to reconsider since he was attempting to represent people he couldn't represent? No, Your Honor. You think he could properly do that? No, but I think they're separate questions. Okay. Now, as to the fact, I just want to get to this point of what the district court did. The district court on that issue, do you think, do you argue that the district court was not correct? Your client could not represent other people, correct? That is correct that he could not. But what the district court said was that his wife was unable to proceed. The district court did not say your complaint Let me tell you this. I'm not trying to trap you. I want to lead to a question. Is this how I see it? At least on that point, the district court said your client could not represent other people in this case. And he ruled at that time. It indicates that since then, you've tried to correct that. Is that correct? You footnote and say you abandoned those claims. That is correct, Your Honor. So what is the point of abandoning those claims if it weren't to at least address that concern of the district court? I think it is primarily to, since I've come into this case, to focus the complaint on the most meritorious claims. Okay, so just let me ask this and I'll let you move to something else. Do you think the district court, in deciding that Chesser could not represent his wife and son, was correct or incorrect on that narrow basis? Correct. Okay, what would we do, so if we just had to decide that basis, would the district court have committed an error? I think that On that basis? I think yes, Your Honor. How could that possibly be? Because, again, the effect would be to dismiss Chesser's case completely. I'm just asking, it's more of a technical question. On that basis, the district court on that issue, it looked like the district court was exactly right. Your client could not represent his wife and his son. And you apparently agree with that point, don't you? I do. Okay. And on that point, if that was all that we had, it would not be reversible, would it? Oh, no, I think it would, Your Honor. I think that Why would it be reversible if that was the only point in the case? Because this court in McLean held that pro se complaints under the PLRA can only be finally dismissed, the case cannot be finally disposed of under the PLRA, can only be done on substantive merit. That's controlling precedent in this court. Substantive merit is required. So you have to let a non-lawyer practice law? No. You have to say, while you cannot You want the complaint bifurcated. Yes. It's simply the parts as to the plaintiffs who have not signed the complaint. So each claim, even though there are individual claims, claims are judged on a per-plaintiff basis. This is Yeah, no, but that didn't go to my question. I'll get off of it. But I'm trying to say, if we want to grant relief and taking that into account, on that point, I quite frankly don't see how the judge made any error at all on that point. No, on that point, if the wife is taken out of the case, I think that is correct. It's not that she's taken out of the case, it's that she's in the case. Well, no, I think that if you have a complaint, for example I don't want to belabor it, but I don't see how anybody can There may be error, but I'm just trying to isolate what it is, and I think maybe there's a suggestion that it wasn't a consideration of the privacy claims, maybe. That the district court was supposed to figure that out after reading that mismatch of a complaint. But I don't see, it looks to me like on one basis he did it was because Mr. Chester could not do what he purported to do, to represent other people. And it looks like some lawyer, maybe you, figured that the court's right on that point and therefore abandoned those claims. That's what I thought you did to clear up that issue. If I could take the time to answer that. I did, Your Honor. But just to be clear, as I read the district court's opinion, the district court did not deny the motion for consideration on that basis. It said simply that the wife couldn't proceed. It did not say that Chester could not proceed. And I think that if you have a complaint that has several claims, the court can say, well Thank you. Judge Hamilton, do you have anything else at this point? Mr. LaFont has reserved some time. Well, I would just note that the wife, as far as I know, she's still in Jordan or she can't be found. So why shouldn't she be taken out of the case? I think that she should be taken out of the case. Thank you. You have reserved some time. Thank you very much. Mr. Sturgill? Your Honor, I'm Lartice Tiffits. I'm actually a court-assigned amicus counsel. I didn't know if you wanted to hear from me first since I was assigned to defend the district court's opinion. Well, just let me say this. Our order sheet has you. Are you Mr. Tiffits? Yeah, I am Mr. Tiffits. We have you scheduled third, but I'm happy to let you go now. Okay. Well, I will go ahead and proceed since I am the one who is defending the district court's opinion. And so, as you guys pointed out rightly earlier, the issue is really two questions, right? The first one is whether the district court erred, abused its discretion by deciding that the original complaint was frivolous. And not to completely disagree with my counsel earlier, but the court did specify what type of frivolousness it was looking at. It was looking at factual frivolousness, okay? And the court decided that basically that under its standard that it was met and sensed that there was three criteria that it looked at for frivolousness. And one of them is whether it appeared that the complaint was the kind of complaint in which a counsel would not sort of file. And it was sort of this Rule 11 analysis, right? And that was one of the criteria it used, and that's one of the ones that it decided on. And I think that... By the way, when you started by saying you guys decided... Oh, I'm sorry. You mean the court? Yeah, I'm sorry. I apologize. The court, the district court. I apologize for that. And the district court decided that basically the complaint was frivolous. What do we do about the privacy claim? I think you don't... What do we do about the privacy claim? Do you want to make an argument that that was actually dealt with? Well, I mean, I think he did point it out in his opinion. He just did not in the initial part he did. He laid out the eight counts that he saw. So he did articulate it in the opinion. He just did not provide a rationale later that said why he was dismissing that count. But he did acknowledge the count. As I understand the government's brief, we can ask them when they come up to argue. As I understand it, they have essentially confessed error as to the Privacy Act claims under the order that they should go back for an explanation by the government as to the agencies. I understand. And again, the court invited the government to sort of join this litigation. And they specifically came in to do it under the Bivens aspect. I'm not saying that they're... And I won't speak for the government on that point. But I don't know if it was entirely that they conceded that there was error in the first, the initial denial of the complaint as frivolous, which is something I think the court needs to deal with first. Well, what do you think they mean in their brief when they say we believe that claim, this is a privacy claim, should be remanded? What do you think the basis for that? It seems to me they're confessing error. Because what, how do we do? We affirm the district court and still remand it? Well, I think that gets to the second point, which is different, which is basically on the motion to reconsider and the motion for leave to amend, whether that was error to deny that. But I think the, and that partially is the only time where privacy claims... I don't know. I quite frankly can't follow your answer. You asked, doesn't it appear that the government has confessed error? The government in their brief say the district court did not specifically, I'm just emphasizing that, specifically explain why the complaint fails to state a Privacy Act claim for unlawful disclosure against the FBI and the Secret Service. We believe that claim should be remanded. It sounds to me like they think the court made an error on that. I won't try to speak for the government. The government will come and talk about it. So I'm just here to address whether, one, there was error by the district court to deny the original complaint, and I believe it wasn't. I believe that it met the standard for frivolousness, specifically factual. And then the second point is, is then if the court then either will affirm or deny that, and affirm that or reverse that decision, but then whether to the motion to reconsider, which was filed by Mr. Chesser, whether the court denied that and whether the court's denial of that was an abuse of discretion. And I think while counsel now today has recrafted the complaint, that was not what the district court had in front of it, which means that it had all of the claims, including the claims, on behalf of his wife and his child, okay, to look at. And it also had, you know, and rightly so, what you brought up earlier, the court could have and seemed to have done that, which is basically initially it says that the complaint, the amended complaint violated Rule 11. And that's actually the title of the memorandum for the denial of the motion to consider. It says the proposed amended complaint violates Federal Rule of Civil Procedure 11. That's how it starts off with. Then the court then starts in the alternative to address other issues, saying even if Chesser could proceed without his wife, these are sort of the other rationales for denying the complaint. But I think if the court is to sort of focus on the fact that when he provided a complaint, an amended complaint to the court, which was layered with errors and was not proper, I don't think that the district court abused the discretion. So that's my point, Your Honor. Thank you very much. Now, Mr. Sturgeon, do you want to join us? Yes. Okay. Good morning. May it please the Court, I'm Lowell Sturgill from the Department of Justice, representing the two Federal agencies who have been sued here, as well as four individual Federal employees who have been sued in their individual capacities for damages. Are you confessing error as to the agencies on the Privacy Act claim that it should be remanded? Yes. As you say in your brief? Yes. Okay. And we do, however, believe that the court should affirm the dismissal of the constitutional claims against the two Federal agencies because no court could grant any effective relief, either an injunction or damages. You're confessing error and asking for remand only on the Privacy Act claims against the agencies. Is that correct? Yes. That's correct. Not with respect to the individual defendants. And, again, with respect to the constitutional claims against the agencies, the court could not enter any effective relief on those claims. And what do you think the error was on the privacy? How did the court commit error below relative to the Privacy Act claim against the agencies? The court did not provide a substantive reason for the dismissal of those claims and did not explain why those claims failed to state a claim, much less that they're frivolous. The first time you read the complaint, could you figure out what he was asking for? Well, I will say that the complaint was long. It was prolix, and there are cases that hold that when a complaint is that long and has that many documents, it fails to satisfy Rule 8, which requires a short and plain statement of the facts. Now, I think that in looking at the Privacy Act part, he did allege, if you look far enough, that information about him was improperly disclosed by the federal government without his consent. And that we're not conceding that that actually states a claim. What we're conceding is that the district court should have provided a reason. You don't think there's any merit to the claim. You just think the district court needs to give a reason for it in the first instance. Yes. That's the sum total of your position on that. That's right. And again, with respect to the constitutional claims against the agencies, I don't hear the plaintiffs as contesting that anymore. I think they have not addressed that issue in their reply brief. And there's no action for damages against the United States on the constitutional claims because there's no waiver of sovereign immunity for the award of damages, and they haven't said anything about that. So I think those claims are out of the case too, and you can ask them if you want, but that's the way I hear them too, and I haven't heard a reason otherwise. And that leaves the Bivens claims against the individual employees. And what we're asking for there is for the court to affirm the dismissal of those claims for reasons that are different than the district court gave. And, as you know, the court can affirm the dismissal of a claim for any ground that's supported in the record. We believe the arguments we have provided are supported in the record and that you should, hence, affirm on those grounds. And I wanted to begin by addressing the one thing that the plaintiff did say this morning. He believes that he is not asking for an extension of the Bivens doctrine to these facts because in the Davis case the court held that there was a Bivens remedy in a substantive due process context. I wanted to address that because it seems to me, as our brief explains, that the Supreme Court has held that it does have to address whether Bivens should be extended when there's either a new category of defendants or a new context. We believe that this case provides a new context because, first of all, the Supreme Court has never held that there's a Bivens remedy with respect to a constitutional right to privacy, either disclosure or autonomy claim. So you have a new context in that regard. And I would also note that I think this is important. In Wilkie v. Robbins, that case also involved a substantive due process claim. The claim in that case was a property claim in interference with property rights, but that also is a substantive due process claim. So not only is he focusing on too broad a level of generality in addressing whether the case presents a new context, but the Supreme Court's cases tell you that even in the substantive due process case that you have to dig deeper. And here, again, what we're looking at is a privacy claim that has never been recognized as a Bivens cause of action. So, again, I think the primary reason why the court should not recognize a new Bivens claim with respect to the disclosure claim that he makes is that Congress has provided a remedy already for that kind of a claim under the Privacy Act, which the plaintiff himself has, as you know, a Privacy Act claim in this very case. And the Privacy Act authorizes a damages action against the United States, and it also authorizes criminal penalties against it. Well, at least it's asserted he has a privacy right. That's right. We're not agreeing that he does, but the Privacy Act does at least address the basic facts that he's relying upon to assert his Privacy Act claim. So given the fact that Congress has given its attention to the question of what are the appropriate remedies for that kind of a factual cause of action, it would be extraordinary for any court to itself jump into the mix and say, well, we think there should be an additional remedy against federal employees in their individual capacity. And that would be completely inconsistent with this court's case. Judicial Watch is the closest case that I found from this circuit, because in Judicial Watch the court held that it would not recognize a new Bivens cause of action where the claim was a retaliatory tax audit. And the court said, well, we see in the tax code that Congress addressed the issue of remedies and provided for a damages remedy against the United States for that kind of a cause of action. And the court said in light of that, well, we're not going to jump in and start saying that Congress is wrong and Congress gave its attention to it, and they're the best situated to determine whether there should be an additional cause of action or not. And I would note also as our brief notes that two other circuits have addressed this question, the D.C. Circuit and the Sixth Circuit. Both circuits have held that the Privacy Act does preclude the recognition of a new Bivens cause of action. Our second argument with respect to his first claim, the Privacy Disclosure Claim, is that even if you had some question about that, these agents are entitled to qualified immunity because there's no clearly established law that would have put them on reasonable notice that what they did in this case would violate this so-called constitutional right to privacy autonomy. The plaintiffs cite two Fourth Circuit cases, but those cases actually support our argument in the case. The Ferguson case is the first one they point to. But in Ferguson, which involved a claim for the disclosure of medical records, this court declined to say whether the constitutional right to privacy disclosure applied to medical records and noted the difficulty of that kind of decision. So that case couldn't have put these agents on notice of a problem here, and they don't have any other case that says that. So, again, I think the other cases they cite are just too vague and not on point. So you really have two reasons, both supported by the record, why you could affirm their first claim. Their second claim is an alleged violation of the constitutional right to privacy autonomy. This is the allegation that one of the agents improperly took actions to preclude the travel of the child, T.C., out of the country. And we have, again, two arguments there. The first one is the court should not recognize a new Bivens cause of action for that kind of a claim because his plaintiff's theory there arises out of the child custody relationship. And there was a child custody state proceeding. I think it's important to note that this all happened very quickly. The child was supposed to be flown out of the country on January 19th. On January 26th, there was going to be a child custody hearing. The grandmother had made a motion to seek custody of the child. So in this kind of a context, certainly there's been no indication from the Supreme Court that what the agent did here would violate any kind of constitutional right to privacy autonomy. And he could have gone to the state court and said, oh, well, you know, I know there's a hearing scheduled. I'd like to send the child out of the country. We'll bring him back if you want him back for the hearing, but please allow me to do that. That's his alternative remedy. Well, I guess you think it's likely if the child left, he might be with his mother, and maybe the courts would be unable to reach him. Exactly, Your Honor. And that sort of, I think, blends into our second argument on his second claim, which is that even if you had some question about whether a court should recognize a new Bivens remedy for that kind of a context, these agents are clearly entitled to qualified immunity because there's no case law that would put them on reasonable notice that this was done. Thank you. Judge Hamilton, do you have any questions? No. No. Okay. All right. Thank you. Thank you, Your Honor. All right. Thank you. Thank you very much. Mr. LaFond, you've reserved five minutes. May I please support? I would first like to make clear a point that I may not have made clear in my opening, which is that even if this court finds that the court was correct to deny reconsideration of Chesser's motion, that does not alleviate the need to review the first order. Even if this court finds that the court can deny a motion of reconsideration for a number of reasons under Rule 60, that does not affect the first order. You want to address, at a minimum, you want to address a privacy claim that you say was asserted in the first complaint. Yes. Yes. And so even if the court was right on its second order, the complaint was not factually frivolous. The length and complexity of a complaint has nothing to do with the facts, and it cannot make it factually frivolous. Factually frivolous has to be the product of fantasy. There were documents here. Can you tell me in a fairly brief few minutes why you think the Bivens claims are not meritless? Yes, Judge Hamilton. First, as I said, this is not a new context. The government cites Wilkie as a substantive due process claim. If you look at that case, it's actually a takings clause case. Second, even if you were to decide that the context is new, there are two obstacles that can stop a new Bivens claim. The government asserts that for the confidentiality claim that the Privacy Act is both of these obstacles. The government is wrong on both points. The first obstacle is an adequate alternative remedy, and the government actually combines the two because it talks about the Privacy Act as a remedy, and that's basically all it talks about. But a remedy has to be not just alternative. It has to be adequate, and to be adequate, the Supreme Court held in Carlson, the remedy has to deter the officer. A waiver of sovereign immunity is simply not enough. The government says that it would be crazy for this court to step in where Congress has said, here is a remedy for these actions for these officers. That was rejected by the Supreme Court in Carlson. The Federal TOR Claims Act in Carlson covered the exact conduct of those officers and provided a waiver of sovereign immunity that provided compensation for those officers, and the Supreme Court said that's not enough because it does not deter the officers. Again, in FDIC v. Meyer, the court justified not recognizing a Bivens claim there because it said, quote, the core purpose of Bivens is to deter the officer. The Privacy Act does nothing to deter the officer. The second obstacle are special factors. The government also points to the Privacy Act as a special factor as to the confidentiality claim, and it points to Schweiker, Bush, and Judicial Watch. But the government simply misreads those cases. Those cases were not that, well, there's a scheme here that provides a remedy. Those courts, the special factor in those cases was a scheme that grants a statutory right. When that statutory right is unconstitutionally denied, you can go through a system within that scheme to get the statutory right back. So the very first thing you need is the denial of a statutory right. Chesser does not allege the denial of a statutory right. He alleges the violation of a freestanding constitutional right. Now, the government does not deny that his allegations state a violation of the Constitution. And when you lose the special factors and the adequate alternative remedy, there is no obstacle to recognizing a Bivens claim here. Now, if I could. Excuse me. Isn't what you're arguing is that there's an implied Bivens remedy for the particular confidential and privacy allegations Chesser advances? Isn't that what you're arguing? That is correct. Yes. Well, what authority do you have for that? I have Bivens itself, Your Honor. I have Davis v. Passman. I have Carlson v. Green. These Bivens. Well, it seems to me that the Privacy Act precludes such an implied Bivens remedy. Well, the Privacy Act can only preclude those based on whether it is either an adequate alternative remedy, which it is not because it does not deter the officer, or whether it is a special factor. It is not a special factor because the comprehensive scheme's special factor depends on the denial of a statutory right. This is not the denial of a statutory right. This is the denial of a freestanding constitutional right, which is simply not in that special factor. It is a misreading of Bush, Weicker, and Judicial Watch, sorry, to say that just because a legislative scheme includes a remedy, that that is a special factor. That is actually the first step, the first obstacle, whether it is an adequate alternative remedy, and it is not adequate because it does not deter the officer. Anything further, Judge Hamilton? No, nothing further. Okay, thank you very much. Thank you, Mr. LaFleur. Are you court-assigned in this case? I am. We acknowledge that and thank you for your service. And Mr. Thibodeau, are you court-assigned? We acknowledge that as well. Okay, at this point, we'll adjourn court. We'll step down and greet counsel. This Honorable Court stands adjourned. Signee died. God save the United States and this Honorable Court.
judges: Dennis W. Shedd, G. Steven Agee, Clyde H. Hamilton